UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:21-cr-114-DJH

CHARLES MCMILLIN, Defendant.

\* \* \* \* \*

## MEMORANDUM AND ORDER

On November 10, 2022, the Court sentenced Defendant Charles McMillin to 37 months of imprisonment. (Docket No. 37) McMillin now moves to amend that sentence to run concurrently with his later-imposed state-court sentences. (D.N. 40) The Bureau of Prisons has also requested that the Court clarify whether McMillin's federal sentence is to run concurrently with or consecutively to his state-court sentences. (D.N. 43) All relevant briefing is now complete (D.N. 45; D.N. 49; *see* D.N. 44), and after careful consideration, the Court will deny McMillin's motion for the reasons stated below.

**I.**

McMillin had two state-court criminal cases pending at the time of his federal sentencing. (D.N. 46, PageID.169) At his sentencing hearing, he requested that his federal sentence "run concurrently with any sentence imposed in th[e]" state cases. (*Id.*, PageID.169–70) The state courts had not yet sentenced him at that time.[1] (*Id.*, PageID.170–71) The Court denied the request (*id.*, PageID.171), but McMillin now renews it, arguing that concurrent sentences would "implement the intent of the" state courts. (*Compare* D.N. 40, PageID.147–48 *with* D.N. 46, PageID.169–71) The

---

[1] The state-court sentences were not imposed until McMillin was "returned to the custody of Indiana" following his federal sentencing hearing. (*See* D.N. 49, PageID.179)

1

government disagrees in part, concluding "that a partially concurrent sentence is appropriate and will 'achieve a reasonable punishment for the instant offense.'" (D.N. 45, PageID.166 (quoting U.S.S.G. § 5G1.3(d))) As explained below, however, both parties overestimate the Court's authority to alter the sentence as imposed on November 10, 2022.

## II.

McMillin essentially requests a new sentence. (*See* D.N. 40, PageID.147–48) "The authority of a district court to resentence a defendant is limited by statute." *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)).

> Specifically, 18 U.S.C. § 3582(c)(1)(B) provides . . . that a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed sentence of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

*Id.* at 748–49 (second omission in original). Rather than point to a statute permitting modification, however, McMillin appears to rely on U.S.S.G. § 5G1.3(d), which provides: "In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." § 5G1.3(d). McMillin asserts that concurrent sentences would "implement the intent" of the state courts. (D.N. 40, PageID.148) But the Court is unpersuaded by this assertion because "the interests served by [state-court] sentence[s] are distinct from the interests served by [a] federal sentence." *United States v. Perez-Rios*, 846 F. App'x 371, 373 (6th Cir. 2021). In any event, § 5G1.3(d) is inapplicable for two reasons.

First, courts can only modify sentences where "expressly permitted by statute or Rule 35." *Houston*, 529 F.3d at 748–49 (quoting § 3582(c)(1)(B)). Section 5G1.3(d) is not statutory; it is merely advisory. *See Beckles v. United States*, 580 U.S. 256, 263 (2017). And "[s]entencing

2

statutes," like § 3582(c)(1)(B), "'trump[]' the U.S. Sentencing Guidelines." *United States v. Woods*, 61 F.4th 471, 475 n.1 (6th Cir. 2023) (second alteration in original) (quoting *Dorsey v. United States*, 567 U.S. 260, 266 (2012)). Because the relevant statute does not permit modification of an already-imposed sentence based on an advisory guideline, § 5G1.3(d) is an improper vehicle for amendment here. *See* § 3582(c)(1)(B); *see also Woods*, 61 F.4th at 475 n.1 (quoting *Dorsey*, 567 U.S. at 266). Second, § 5G1.3(d) allows a federal court to impose a sentence "to run concurrently . . . [with a] *prior* undischarged term of imprisonment." § 5G1.3(d) (emphasis added). The guideline thus does not contemplate McMillin's situation "because at the time of [his] federal sentencing, he had not yet been sentenced on any state charges." *Ruff v. Butler*, No. 16-5565, 2017 WL 5135545, at *3 (6th Cir. June 16, 2017); *see Perez-Rios*, 846 F. App'x at 372 (citation omitted) ("If a district court imposes a sentence on a defendant who is *already facing* an undischarged sentence for a state conviction, the court may order the federal sentence to run concurrently, partially concurrently, or consecutively to the state sentence." (emphasis added)).

Although McMillin did not cite Rule 35, the Court notes that it is likewise inapplicable. The rule states that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). This deadline is "sacrosanct." *United States v. Maddux*, 37 F.4th 1170, 1179 (6th Cir. 2022) (citation omitted). Here, the Court sentenced McMillin on November 10, 2022 (D.N. 37, PageID.134), and he filed his motion more than eight months later. (*See* D.N. 40) Any request under Rule 35 is therefore time-barred. Fed. R. Crim. P. 35(a); *see Maddux*, 37 F.4th at 1181.

### III.

In sum, there is no basis for altering the sentence imposed at the November 10, 2022 hearing. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendant Charles McMillin's motion to amend his federal sentence to run concurrently with his state-court sentences (D.N. 40) is **DENIED**.

The Court will address by separate order whether McMillin's sentence should be reduced under Amendment 821 to the U.S. Sentencing Guidelines. (*See* D.N. 52)

February 27, 2024

David J. Hale, Judge
United States District Court

cc: Bureau of Prisons